JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-525 AHM (DTBx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | LIBERTY LAND TRUST #1, by ANDREW LEVY, TRUSTEE v. STEARNS LENDING INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On March 16, 2010, Plaintiff Liberty Land Trust #1, by Andrew Levy, Trustee filed this action in state court against Defendants Sterns Lending, Aurora Loan Services, "Homecomings Financial: A GMAC Company," "Carriage Excrow [sic], Inc.," Cal Western Reconveyance Corp., Mortgage Electronic Registration Systems Inc. ("MERS"), and "Any and All Other Seeking Any Interest, Title, Right of 31700 Via Cordoba, Temecula, CA 92529" (collectively, "Defendants"). The Complaint alleges eight causes of action for: (1) fraud; (2) injunctive relief; (3) declaratory relief; (4) a constructive trust; (5) restitution; (6) quiet title; (7) negligence; and (8) "recission [sic]." On April 9, 2010, Defendants Aurora Loan and MERS timely removed the action to this Court on the basis of federal question jurisdiction.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 116 (The Rutter Group 2009). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1080 (The Rutter Group 2009). The removal statute

JS-6; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-525 AHM (DTBx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | LIBERTY LAND TRUST #1, by ANDREW LEVY, TRUSTEE v. STEARNS LENDING INC. | | |

is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

In this case, Defendants have not established the existence of federal question jurisdiction.

Plaintiff's Complaint does not present a federal question. California law creates the causes of action under which Plaintiff has chosen to seek relief. In the NOR, Defendants state that Plaintiff's state law claims "necessarily raise the disputed and substantial federal issue of whether the initial disclosures concerning Plaintiff's July 20, 2006 loans met the requirements of the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.* ("TILA")." (NOR at 3.) However, the paragraphs cited by Defendants merely recite general allegations regarding Defendants' alleged non-disclosures and concealment of various facts. They do not mention TILA or any other federal law, nor do they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). There is no reference made to federal law anywhere else in the Complaint.

Accordingly, this Court lacks jurisdiction over the case and *sua sponte* REMANDS it to Riverside County Superior Court.

**JS-6**

|  | : |  |
|---|---|---|
|  | Initials of Preparer | SMO |